**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

MICHAEL ANTHONY TARVER, :
Plaintiff :
VS. : NO. 5:14-CV-0214-MTT-MSH
Commissioner BRIAN OWENS, *et al.* :
Defendants : PROCEEDINGS UNDER 42 U.S.C. § 1983 BEFORE THE U. S. MAGISTRATE JUDGE

**ORDER & RECOMMENDATION**

Plaintiff Michael Anthony Tarver, an inmate currently confined at Augusta State Medical Prison in Grovetown, Georgia, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

Plaintiff's submissions show that he is currently unable to pre-pay the Court's $350.00 filing fee. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is thus **GRANTED**, and the initial partial filing fee required by 28 U.S.C. § 1915(b)(1) will be waived. This does not mean that the entire filing fee is waived, however. Plaintiff is still required to pay the full amount of the $350.00 filing fee using the payment plan as ordered herein. *See* 28 U.S.C. § 1915(b).

The undersigned has also now conducted a preliminary review of Plaintiff's Complaint and will allow claims against Defendants McLaughlin, Fye, Turner, Frazier, Russell, Willis, Nash, and Lt. Jackson to go forward. It is **RECOMMENDED**, however,

that all other claims and parties, as discussed herein, be **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

## STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* prisoner's pleading is still subject to dismissal prior to service if the district court finds that the complaint—when viewed liberally and in the light most favorable to the plaintiff—is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Id.* at 555; *see also, Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 663 (2009). To survive preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-556.

**ANALYSIS OF CLAIMS**

This action arises of out an alleged denial of medical care at Macon State Prison. Plaintiff, according to the Complaint, fell while working in the prison's kitchen, and his left ankle was badly cut on a "tray machine." The officials supervising Plaintiff, Defendants West and Officer Jackson, offered little assistance, but Plaintiff was subsequently taken for medical treatment where his leg was examined by Nurse Geneva Turner. At that time, Plaintiff informed Turner that he was a diabetic, which she then confirmed in his medical records. Turner then called Dr. Fye who ordered that Plaintiff be given a "technical shot" (more likely a tetanus shot) and some pain medication. Before the treatment could be provided, however, Dr. Fye allegedly called back and instructed Turner not to give Plaintiff the pain medication. Lieutenant Jackson (who was apparently present during the exam) then ordered Plaintiff to put his boot back on and return to his dorm. Plaintiff was thus allegedly forced, by Lieutenant Jackson, to leave without treatment.

The Complaint alleges that Plaintiff repeatedly sought medical treatment over the next the next two months and was seen by a number of different nurses—including Defendants Turner, Larzenave, Willis, Russell, and Frazier—and by a physician's assistant, Defendant Nash. At each examination, the nurses cleaned Plaintiff's wound (sometimes using a "wet/dry treatment"), noted that his injury was get progressively

worse—even to the point of turning green and having an odor—and requested that Dr. Fye examine Plaintiff's leg. P.A. Nash was eventually informed that the wound was infected. Nash then similarly recommended cleaning the wound, requested that Dr. Fye see Plaintiff, and stated that he believed Plaintiff needed to be transported to an outside doctor for treatment.

Despite the repeated pleas from the nurses and P.A. Nash, Dr. Fye failed or refused to see Plaintiff. The nurses and P.A. Nash thus did not provide Plaintiff any treatment other than cleaning his wound. They also did not seek other outside medical care for Plaintiff though they each allegedly stated, at one time or another, that Plaintiff was at serious risk of injury from infection, stated that Plaintiff needed outside medical care, and knew that Dr. Fye was refusing Plaintiff treatment. Plaintiff was allegedly informed that Warden McLaughlin ordered Dr. Fye not to provide Plaintiff with treatment; and this order was also allegedly followed by one or more of the nurses. Dr. Fye finally saw Plaintiff almost two months after his injury. She did not order any treatment for his visibly infected leg; Dr. Fye merely directed the nurse to let the wound "get some air."

Shortly thereafter, Plaintiff lost mobility and needed to use a cane to get around. He was then admitted to the infirmary, at Warden McLaughlin's direction, and was later taken to the Atlanta Medical Center. There, Plaintiff was informed that his leg was seriously infected and would need to be amputated. The leg was first amputated at the calf; but his surgeon later confirmed that the infection had spread further, and Plaintiff underwent a second surgery to amputate his leg above the knee.

Plaintiff has now brought this civil rights action against Commissioner Owens,

Warden McLaughlin, Kitchen Supervisors Barnes, West, and COII Jackson, Dr. Fye, Lt. Jackson, P.A. Nash, and Nurses Turner,[1] Willis,[2] Larzenave, Russell, and Frazier alleging violations of both the Eighth Amendment and state law. Plaintiff also complains that a physical therapist at Augusta State Medical Prison, Defendant Mary Foster, is now violating his rights under both the Fourteenth Amendment and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., by refusing to provide him with an appropriate-sized, cushioned wheel chair.

I. Claims against Warden McLaughlin, Dr. Fye, Lt. Jackson, P.A. Nash, and Nurses Turner, Willis, Frazier, and Russell

Plaintiff's allegations, when liberally construed and read in his favor, are sufficient to go forward with claims against Defendants McLaughlin, Fye, Turner, Frazier, Russell, Willis, Nash, and Lt. Jackson.[3] It is therefore **ORDERED** that service be made on these defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service

[1] Although not named as a party in the caption of the Complaint, Plaintiff's allegations make it clear that he intended to make Nurse Turner a named defendant. She is repeatedly referred to as "Defendant Turner" in the body of the Complaint. The Clerk is accordingly **DIRECTED** to add Nurse Turner as a named defendant on the Court's Docket.

[2] In the Complaint, Plaintiff refers to both "N.P. Willis" and "P.A. Willis." The Court presumes that these refer to the same person, and it is thus unclear whether Defendant Willis is a nurse or physician's assistant. Because the caption of the Complaint identifies this defendant as "N.P. Willis," the Court will refer to Willis as a nurse until informed otherwise.

[3] If Plaintiff's federal claims are subsequently dismissed, the Court will likely decline to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3).

pursuant to Rule 4(d).

II. Claims against Defendants Owens, Barnes, West, COII Jackson, and Larzenave

It is **RECOMMENDED** that Plaintiff's claims against Defendants Owens, Barnes, West, COII Jackson, and Larzenave be **DISMISSED** without prejudice for failure to state a claim. A complaint clearly fails to state a claim against a named defendant when it fails to allege facts specifically associating that defendant with any alleged constitutional violation. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1234, at 381–85 (3d ed 2004) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong."). Plaintiff's Complaint does not include any specific allegations against Commissioner Owens or the kitchen director, Defendant Barnes. These supervisory officials also cannot be held liable for any alleged unlawful acts of their subordinates. *See Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004). There is no *respondent superior* or vicarious liability under § 1983. *Id.*

Plaintiff's Complaint does allege that Defendants West and COII Jackson were less than sympathetic to his injury. Plaintiff specifically alleges that West ordered Plaintiff to "get [his] ass up" after the fall and that COII Jackson (the officer over security in the kitchen) just made an accident report and sent Plaintiff to medical.[4] Even if these

[4] At one point, Plaintiff states that COII Jackson also forced Plaintiff to put his boot on during his medical examination. (Compl. ¶ 4.) Later allegations suggest, however, that Plaintiff intended to refer to Lt. Jackson, as it appears that it was Lt. Jackson, not COII Jackson, who was present at the time of the examination. (*Id.* ¶ 6.) If this inference is incorrect; Plaintiff should amend his Complaint.

allegations are true, however, such conduct does not evidence the requisite deliberate indifference to a serious medical need required to state an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). These allegations do not suggest that either West or Jackson were subjectively aware of and disregarded a risk of serious harm to Plaintiff. *See id*. Plaintiff also cannot state a § 1983 claim against these defendants based on the slip and fall that caused his initial injury. At best, such claims sound in negligence under state law. *See e.g., Smith v. Brown*, No. 1:12–CV–328, 2012 WL 5392154, at *2 (N.D. Ga. Sept. 25, 2012). Here, however, there is also no allegation that Defendants were even aware of the wet floor prior to Plaintiff's fall.

The undersigned likewise finds that Plaintiff's few allegations against Nurse Larzenave fail to support an Eighth Amendment claim. The Complaint alleges only that Larzenave saw Plaintiff two days after his injury and referred him to Willis for treatment. Plaintiff does not allege any facts suggesting that Nurse Larzenave was deliberately indifferent to his serious medical needs when she saw him on this one occasion. There is also no allegation suggesting that Larzenave, at any later time, had an opportunity to intervene and prevent or curtail an obvious constitutional violation, but failed to do so. *C.f., Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986).

III. Claims against Physical Therapist Mary Foster

The undersigned additionally **RECOMMENDS** that Plaintiff's claims against Defendant Mary Foster be **DISMISSED**. Plaintiff's claims against Foster are not properly joined in this action. Under the Federal Rules, a party man not join claims in a single action unless the claims arise "out of the same transaction, occurrence, or series of

transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

Plaintiff's claims against Mary Foster arise out of his post-surgery physical therapy at Augusta State Medical Prison and are not logically related to his claims arising from the pre-surgery medical treatment provided at Macon State Prison. The relevant events occurred at different locations, and the claims involve different parties and raise independent questions of law and fact. The Court will, therefore, not allow the joinder of these claims. If Plaintiff wishes to pursue his claims against Mary Foster, he may do so by filing a separate civil rights complaint in the United States District Court for the Southern District of Georgia after fully exhausting his administrative remedies at Augusta State Medical Prison.

## CONCLUSION

After liberally construing Plaintiff's Complaint and viewing all factual allegations in his favor, the undersigned finds that Plaintiff's claims against Defendants McLaughlin, Fye, Turner, Frazier, Russell, Willis, Nash, and Lt. Jackson should be allowed to go forward for further factual development. It is **RECOMMENDED**, however, that all other claims and parties, as discussed herein, be **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

**ORDER FOR SERVICE**

In accordance with the above recommendations, it is **ORDERED** that service be made on Defendants McLaughlin, Fye, Turner, Frazier, Russell, Willis, Nash, and Lt. Jackson. These defendants are directed to file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of their duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

**DUTY TO PROSECUTE ACTION**

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law

citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS ORDERED AND DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as

required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO ORDERED and RECOMMENDED, this 7th day of July, 2014.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE