IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL ANTHONY TARVER, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. 5:14-CV-214 (MTT) |
| Commissioner BRIAN OWENS, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is the Plaintiff's "Motion for Reconsideration" (Doc. 23) of the Magistrate Judge's order (Doc. 13) denying the Plaintiff's motion for extension of time (Doc. 8), motion to appoint counsel (Doc. 10), and motion to stay (Doc. 12). Local Rule 7.6 allows a party to file a motion for reconsideration within 28 days after the entry of an order. Because the Plaintiff filed his motion 26 days after the Magistrate Judge issued the order, the Plaintiff's motion for reconsideration is timely.[1]

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."

---

[1] A party may also object to a Magistrate Judge's non-dispositive order within 14 days of being served with a copy of the order pursuant to Fed. R. Civ. P. 72(a). A district judge must then "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). To the extent the Plaintiff's motion can be construed as an objection to the Magistrate Judge's order, the objection is untimely pursuant to Rule 72(a). Nevertheless, as stated above, the motion for reconsideration is timely pursuant to Local Rule 7.6. Accordingly, the Court will consider it as a timely motion for reconsideration.

- 2 -

*Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

Here, the Plaintiff has not met his burden. He has alleged no intervening change in the law, nor has he presented new evidence previously unavailable to him. Moreover, the Court is not persuaded the Magistrate Judge's order (Doc. 13) was clearly erroneous. Accordingly, the Plaintiff's motion for reconsideration (Doc. 23) is **DENIED**.[2]

**SO ORDERED**, this 9th day of March, 2015.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[2] The Plaintiff has also filed a motion to amend the motion for reconsideration. (Doc. 33). However, none of the information the Plaintiff seeks to add through this motion changes the Court's determination. Accordingly, the Plaintiff's motion to amend his motion for reconsideration is **DENIED**.