IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL ANTHONY TARVER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   CIVIL ACTION NO. 5:14-CV-214 (MTT) |
| Commissioner BRIAN OWENS, et al., | ) ) ) |
| Defendants. | ) ) |

# ORDER

Defendants Fye, McLaughlin, Jackson, and Frazier have moved to dismiss the Plaintiff's claims against them. (Doc. 14). United States Magistrate Judge recommends granting the motion as to Jackson and Frazier and denying the motion as to Fye and McLaughlin. (Doc. 40). Defendants Lamb, Nash, Russell, and Willis have also moved to dismiss the Plaintiff's claims against them. (Doc. 30). The Magistrate Judge recommends granting their motion. (Doc. 40). Defendants McLaughlin and Fye and the Plaintiff have objected to the Recommendation. (Docs. 45; 47).

Defendants McLaughlin and Fye object to the Magistrate Judge's conclusion that the Plaintiff sufficiently stated a plausible claim against them for deliberate indifference to serious medical needs. The Plaintiff limits his objection to the Magistrate Judge's conclusion that he failed to state a plausible claim for deliberate indifference against Defendant Jackson. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Parties' objections and has made a de novo determination of the portions of the Recommendation to which the Parties object. Liberally construing the complaint and

taking the allegations as true with all reasonable inferences drawn in the Plaintiff's favor, the Court agrees that the Plaintiff has sufficiently alleged plausible claims for deliberate indifference against Defendants McLaughlin[1] and Fye and that they are not entitled to qualified immunity for the reasons stated in the Recommendation.  The Court also agrees the Plaintiff has failed to sufficiently allege a deliberate indifference claim against Officer Jackson for the reasons stated in the Recommendation.

In his objection and in a separate motion, the Plaintiff has moved to amend his complaint to name McLaughlin and Fye in their official capacities and to add a request for prospective injunctive relief requiring "all known medical conditions of Plaintiff … be properly treated in the future."  (Docs. 47; 48, ¶ 2).  The Plaintiff argues that given he is serving a life sentence and is a diabetic with an amputated leg, he "is going to need constant medical care including, but not limited to, prosthetics, mobility devices, blood sugar monitoring, proper diet, and regular exercise."  (Doc. 47 at 5).  As acknowledged by the Plaintiff, prospective injunctive relief against a party in his official capacity is an

---

[1] McLaughlin specifically argues the Plaintiff failed to sufficiently allege his subjective awareness of the Plaintiff's medical condition.  The Supreme Court in *Farmer v. Brennan* describes the various ways a prisoner may establish subjective awareness including circumstantial evidence, the obviousness of the risk, and notification.  511 U.S. 825, 822-44 (1994).  Further, a supervisor, like Warden McLaughlin, can only be held if he directly participated in the unconstitutional conduct or if a causal connection exists between the supervisor's actions and the alleged constitutional violations.  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  This causal connection can be established … "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  *Harrison v. Culliver*, 746 F.3d 1288, 1299 (quoting *Cottone*, 326 F.3d at 1360).  Here, the Plaintiff alleges: (1) he was a diabetic who received a leg wound from a tray machine; (2) before administering treatment, Fye spoke with McLaughlin who instructed Fye to withhold treatment and pain medication; (3) Warden McLaughlin made this instruction to "cover up" what happened to the Plaintiff regarding his leg injury; and (4) the Plaintiff went without adequate treatment for two months before his leg was amputated.  These facts, taken as true with all reasonable inferences drawn in the Plaintiff's favor, plausibly allege McLaughlin was aware of the Plaintiff's injury and then directed subordinates to withhold treatment for the Plaintiff's wound to "cover up" what happened.  This instruction then led to a delay of adequate treatment for two months resulting in the Plaintiff's leg amputation.  *See Harris v. Coweta Cnty.*, 21 F.3d 388, 384 (11th Cir. 1994) ("A few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference.").  That McLaughlin eventually authorized treatment after speaking with the Plaintiff does not preclude his potential liability.  *See McElligot v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

appropriate remedy to address "ongoing" constitutional violations. The Eleventh Circuit has addressed the availability of this remedy and what a party seeking the remedy must show:

> Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury. Logically, "a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past." Although "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury," "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."

*Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994).

Although the Plaintiff has sufficiently alleged plausible claims that his medical care was constitutionally inadequate, he has not sufficiently alleged in his complaint or provided additional facts in his objection or motion to amend alleging a real and immediate threat to a future injury. *See Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1283 (11th Cir. 2001) ("Simply because a party prevails on the merits of a constitutional claim does not mean that the party is automatically entitled to prospective injunctive relief."). He simply states injunctive relief is appropriate and necessary because he is serving a life sentence with a life-long medical condition requiring constant medical care. In other words, the Plaintiff has requested injunctive relief for a hypothetical future injury without providing sufficient allegations that he continues to receive inadequate treatment or that the threat of future inadequate treatment is real and immediate. Moreover, the Plaintiff's requested relief "would do no more than instruct [the Defendants] to obey the law" by providing the Plaintiff constitutionally adequate treatment for his medical condition. *See Burton v. City of*

*Belle Glade*, 178 F.3d 1175, 1200-01 (11th Cir. 1999).  However, "obey-the-law" injunctions are unenforceable and " not an available remedy to redress [the Plaintiff's] alleged injuries."  *Id.*; *see also S.E.C. v. Smyth*, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005).

And without a claim for prospective injunctive relief, the claims against McLaughlin and Fye in their official capacities are due to be dismissed on Eleventh Amendment immunity grounds or because they are not proper § 1983 claims.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Accordingly, the Plaintiff's motion to amend his complaint to name McLaughlin and Fye in their official capacities and add a claim for prospective injunctive relief against them is **DENIED as futile**.  (Docs. 47; 48).

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the order of this Court.  Defendants Fye, McLaughlin, Jackson, and Frazier's motion to dismiss is **GRANTED in part and DENIED in part**.  (Doc. 14).  Accordingly, the claims against Jackson and Frazier are **DISMISSED without prejudice**.  Defendants Lamb, Nash, Russell, and Willis's motion to dismiss is **GRANTED**.  (Doc. 30).  Accordingly, the claims against them are **DISMISSED without prejudice**.

**SO ORDERED**, this 11th day of September, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
